1  Erik L. Jackson (SBN 166010)
   ejackson@cozen.com
2  Nathan Dooley (SBN 224331)
   ndooley@cozen.com
3  COZEN O'CONNOR
   601 S. Figueroa Street
4  Suite 3700
   Los Angeles, CA  90017
5  Telephone: 213.892.7900
   Toll Free Phone: 1.800.563.1027
6  Facsimile: 213.892.7999

7  *Attorney for Defendants* Tiltware LLC *and*
   *Specially Appearing Defendants* Pocket
8  Kings, Ltd. and Raymond Bitar

9

10              UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  CARDROOM INTERNATIONAL L.L.C,  )  Case No.:  2:12-cv-02870-SJO-AJW
    a Florida Limited Liability Corporation,  )
14                                  )
              Plaintiff,             )  ***EX PARTE* APPLICATION OF**
15                                  )  **DEFENDANTS TILTWARE LLC,**
       vs.                           )  **POCKET KINGS, LTD. AND**
16                                  )  **RAYMOND BITAR FOR A SHORT**
    MARK SCHEINBERG, an individual;  )  **EXTENSION OF TIME TO**
17  ISAI SCHEINBERG, an individual; OLD  )  **RESPOND TO PLAINTIFFS'**
    FORD GROUP LTD., a limited liability  )  **FIRST AMENDED COMPLAINT**
18  company; RATIONAL               )  **BY FOURTEEN (14) DAYS**
    ENTERTAINMENT ENTERPRISES       )
19  LTD., a limited liability company; PYR  )
    SOFTWARE LTD., a limited liability  )
20  company; STELEKRAM LTD., a limited  )
    liability company; SPHENE        )  [Filed and Served With Declaration of
21  INTERNATIONAL LTD., a limited    )  Erik L. Jackson and [proposed] order]
    liability company; TILTWARE LLC, a  )
22  California limited liability company;  )
    KOLYMA CORPORATION A.V.V., a    )
23  Curacao company; POCKET KINGS   )
    LTD., an Irish limited liability company;  )  **Current Response Date:**        4-9-12
24  POCKET KINGS CONSULTING LTD.,   )  **Proposed Response Date:**      4-23-12
    an Irish limited liability company; FILCO  )
25  LTD., a limited company; VANTAGE  )
    LTD., a limited company; RANSTON  )
26  LTD., a limited company; MAIL MEDIA  )
    LTD., a limited company; CHRIS   )
27  FERGUSON, an individual; HOWARD  )  Complaint Filed                11-9-11
    LEDERER, an individual; RAYMOND  )  Action Removed                  4-5-12
28  BITAR, an individual; PHILLIP    )
    GORDON, an individual; ANDY     )

                                    1

| | |
|---|---|
| 1 | BLOCH, an individual; PHIL IVEY, an individual; PERRY FRIEDMAN, an individual; JOHN JUANDA, an individual; ERIK LINDGREN, an individual; ERIK SEIDEL, an individual; MICHAEL MATUSOW, an individual; ALLEN CUNNINGHAM, an individual; GUS HANSEN, an individual; PATRIK ANTONIUS, an individual; RAFE FURST, an individual; NELSON BURTNICK, an individual; and DOES 1 through 30, inclusive,<br><br>              Defendants. |

## *EX PARTE* APPLICATION OF DEFENDANTS TO EXTEND TIME TO RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Tiltware LLC ("Tiltware" or "Defendant") and Specially Appearing Defendants Pocket Kings, Ltd. and Raymond Bitar (collectively "Defendants"), hereby move for an Order granting a short 14-day extension of time to respond to the (operative) First Amended Complaint ("FAC") filed by Plaintiff Cardroom International LLC ("Plaintiff" or "Cardroom"). The response date for these three Defendants is currently Monday, April 9, 2012, which is 5 court days after this action was removed from the Los Angeles County Superior Court to this Court on April 5, 2012. Defendants request that the Court act on this *Ex Parte* Application as soon as possible given the response date is imminent.

The extension requested is very modest. Plaintiffs' counsel Cyrus Sanai very recently granted a similar extension to Defendant Tiltware in an action Defendants contend is related to this action, <u>Lary Kennedy, et al. v. Chris Ferguson, et al.</u>, Central District Case No. CV-11-08591 MMM AGRx ("Kennedy Federal Court Action"). [Kennedy Stipulation, Jackson Decl., Exh. "C".][1] In addition, these moving

---

[1] Defendants believe that this action and the Kennedy Federal Court Action are related cases. [Doc. No. 4.]

Defendants, among others, granted Mr. Sanai's very recent request for an extension to respond in a pending state court action in which Mr. Sanai represents the Plaintiffs. [State Stipulation, Jackson Decl., Exh. "D".]

Defendants Tiltware, Pocket Kings Ltd. and Bitar only very recently retained counsel. Two of the three Defendants dispute that they were served. This is a complex case and Defendants need time to properly represent their interests in its defense. The requested short extension is necessary and entirely reasonable.

**A.   GOOD CAUSE EXISTS TO GRANT THE INSTANT APPLICATION**

1.   Good cause exists for the modest request of only 14 additional days for the moving Defendants to respond to Plaintiffs FAC. Defendants apologize to the Court for being required to bring the instant *ex parte* application as this should be the type of issue that could and should be handled by party stipulation (and order). Unfortunately, Plaintiff's counsel is unwilling to reasonably cooperate.

2.   On or about November 9, 2011, Plaintiffs filed their operative First Amended Complaint ("FAC") in this case while it was pending in the Los Angeles Superior Court. To Defendants' knowledge, no parties had been served with Plaintiffs' original complaint. [A true and correct copy of the FAC is attached to the Declaration of Erik L. Jackson filed concurrently herewith ("Jackson Decl.") as Exhibit "A", copy attached to Notice of Removal, Doc. 1.]

3.   On March 15, 2012, more than four months after Plaintiffs filed the FAC, Plaintiffs served Defendant Tiltware with the FAC by serving Paracorp, its agent for service of process. Paracorp subsequently forwarded the FAC to Tiltware.

4.   Plaintiff claims to have served Defendants Pocket Kings Ltd. and Raymond Bitar while the action was pending in state court via certified mail to Ireland. Defendants Pocket Kings Ltd. and Raymond Bitar dispute that they were properly served.

5. On or about Friday, April 2, 2012, all three Defendants retained this law firm to defend their respective interests in this action.

6. On Monday, April 5, 2012, Defendant Tiltware removed this case from the Los Angeles Superior Court to the Federal Court for the Central District of California. [Doc. No. 1.] Defendants did not file any responsive pleadings while the case was pending in state court. Defendants who were arguably served while the case was pending in state court but who have not yet responded to the FAC have five (5) court days from the date of removal to file a responsive pleading.

7. Plaintiffs' FAC contains three (3) complex claims against these three Defendants and more 20 other Defendants, including claims for Civil RICO, violation of the Florida Anti-Trust Act, and violation of the Cartwright Act. The FAC contains eighty-four (84) separate paragraphs of allegations. Plaintiff seeks at least $10 million in damages plus treble damages and punitive damages from Defendants, as well as an injunction from conducting business and attorneys' fees and costs.

8. Defendants and their counsel need an additional 14 days to properly respond to the FAC.

9. Following removal, Defendants counsel quickly requested a modest extension of time from Plaintiff, through its counsel, Cyrus Sanai, so that they could have sufficient time to prepare a proper response to the FAC. The extension requested was far less than 30 days in compliance with Central District Local Rule 8-3 without requiring court approval. [Jackson Email Chain With Plaintiff's counsel requesting an extension to respond, Jackson Decl., Exh. "B".]

10. Plaintiffs' counsel unreasonably refused to grant any extension of time to respond to any of the Defendants. *Id*. Plaintiff's counsel apparently believes that Defendants should not be granted any extension of time to respond because, according to Plaintiff's counsel, Defendants removed this case improperly. *Id*. Indeed, Plaintiff's counsel refused to even respond to Defendants' repeated requests for an extension.

11. Putting aside the fact that Plaintiff's counsel's position regarding removal is entirely incorrect, his belief or opinion regarding the merits of Defendants' removal petition clearly has nothing to do with whether counsel should cooperate and grant a short extension to Defendants who reasonably retained counsel and obviously need more time to respond to a complaint. In reality, his position is a thinly-veiled attempt to obtain some sort of perceived tactical advantage.

12. Plaintiff's counsel's refusal is particularly galling since Plaintiff's counsel had previously granted requests for extensions by several Defendants in the Kennedy Federal Court Action, including just this week an extension for Defendant Tiltware, granting these Defendants up to April 30, 2012, to provide a responsive pleading in that action. [See Tiltware Stipulation, Jackson Decl., Exh. "C".]

13. Plaintiff's counsel's refusal to cooperate is also troubling given that Defendants' counsel herein had very recently granted Plaintiff's counsel's request for an extension he had requested in the Kennedy state court action. [See Kennedy State Court Extension Stipulation, Jackson Decl., Exh. "D".]

14. Defendants intend to file a Motion to Dismiss Plaintiff's FAC on a number of grounds. Defendants have not previously requested any extension of any kind in this case. The requested continuance is for less than 30 days and would permit Defendants to file a responsive pleading properly representing themselves in this action.

15. Plaintiff would not be prejudiced in any way should the Court grant the requested continuance.

16. Defendants were not dilatory in seeking the Court's assistance herein. They requested the extension from Plaintiff's counsel in the several days after this case was removed and Plaintiff's counsel has continued to ignore their reasonable requests.

## B. DEFENDANTS HAVE COMPLIED WITH THE REQUIREMENTS OF CENTRAL DISTRICT LOCAL RULE 7-19

Defendants' counsel advised Plaintiff's counsel of Defendants' intent to seek the requested relief. [See Jackson Decl. Ex. B, email chain.] Plaintiff's counsel refused to agree to Defendants' request for the modest extension requested and indeed ignored Defendants' attempts to resolve the matter without court involvement. Because counsel are unable to come to an agreement regarding these issues, Plaintiffs had no choice but to file the instant *Ex Parte* Application.

Plaintiff's counsel may be reached at the following address:

Cyrus M. Sanai

SANAIS

433 North Camden Dr.

Suite 600

Beverly Hills, California, 90210

Tel: (310) 717-9840

Cyrus@Sanaislaw.com

Dated: April 6, 2012     COZEN O'CONNOR

By: _____/S/_____
Erik L. Jackson
Attorneys for Defendant Tiltware LLC and Specially-Appearing Defendants Pocket Kings Ltd. and Raymond Bitar