**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-02870 MMM (AGRx) | Date | June 18, 2012 |
| Title | *Cardroom International LLC v. Scheinberg, et al.* | | |

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | None |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  Order Granting Plaintiff's Motion to Remand; Denying Parties' Requests for Sanctions[9]

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2011, Cardroom International, LLC ("Cardroom") filed this action against numerous defendants in Los Angeles Superior Court.[1]  On November 9, 2011, Cardroom filed a first amended complaint that for the first time alleged a claim under RICO, 18 U.S.C. § 1964, et seq.[2]  The complaint was not served for several months; when it was, defendant Tiltware LLC ("Tiltware") removed the action, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331.[3]

Shortly thereafter, on April 6, 2012, Tiltware and several other defendants filed an *ex parte* application for an extension of time to answer the amended complaint.  Cardroom opposed the motion, and in the same brief made an *ex parte* request to remand the action to state court for failure

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Apr. 2, 2012), ¶ 2.

[2]*Id.*, Exh. A ("FAC").

[3]*Id.*, ¶¶ 3-4.

to join all defendants in the removal.[4] Judge S. James Otero, who was previously assigned to handle the case, granted defendants an extension of time to answer and treated Cardroom's "*ex parte* request" as a motion to remand for procedural defect. He set a briefing schedule on that motion.[5] Defendants timely opposed the motion to remand.[6] and plaintiff thereafter filed a reply.[7]

Although there are more than thirty individual and corporate defendants, Tiltware is the only party that has invoked the court's jurisdiction. In its notice of removal, Tiltware stated that despite "diligent" efforts, it was able to verify only that defendant Chris Ferguson had been properly served.[8] Cardroom contends that it also effected proper service on two other defendants, Pocket Kings Ltd. and Raymond Bitar, via certified mail in Ire; these defendants apparently dispute whether the service was proper.[9] The notice of removal states that in any event, Ferguson, Pocket Kings, and Bitar consent to the removal. At the time it removed the action, Tiltware had been unable to ascertain whether the remaining defendants had been served.[10]

The gravamen of the parties' dispute is whether Cardroom had effected proper service on all defendants as of the date of removal, and whether the served defendants joined in the notice of removal as required by the Federal Rules of Civil Procedure.

## II.  DISCUSSION

### A.  Legal Standard Governing Removal

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal

---

[4]Opposition to Defendants Tiltware LLC, Pocket Kings, Ltd., and Raymond Bitar's *Ex Parte* Motion for Extension of Time to File Pleadings, Alternative *Ex Parte* Motion for Remand and Attorneys Fees and Costs of $10,920.00 ("Motion"), Docket No. 9 (Apr. 9, 2012).

[5]Order Granting Defendants' *Ex Parte* Application, Docket No. 10 (Apr. 9, 2012).

[6]Tiltware's Opposition to Plaintiff's Motion to Remand Action to State Court, Request for Sanctions of $5,778 ("Opp."), Docket No. 17 (Apr. 16, 2012).

[7]Reply in Support of *Ex Parte* Motion for Remand and Attorneys Fees and Costs of $10,920.00 ("Reply"), Docket No. 29 (Apr. 23, 2012).

[8]Removal, ¶¶ 9-11.

[9]*Id.*, ¶ 10.

[10]*Id.*, ¶ 11.

2

question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). The removing party must comply with certain procedural mandates. Among these is a requirement that, with few exceptions, all defendants who have been properly served must agree to and join in the removal. See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in the action. . . . The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective" (citations omitted)). See also *Hewitt v. Stanton*, 798 F.2d 1230,1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties. . . . A defendant is a nominal party where his role is limited to that of a stakeholder or depositary" (citations omitted)); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined"), superseded by statute on other grounds as explained in *Ethridge*, 861 F.2d at 1392.

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citation omitted), superseded by statute on other grounds as explained in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). This is because the party invoking the court's jurisdiction bears the burden of demonstrating that removal was proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Libhart*, 592 F.2d at 1064.

### B.  Whether Tiltware Has Demonstrated That Removal is Proper

The bulk of the parties' dispute concerns service of process on out-of-state defendants. Whether defendants were properly served is a question of state law. See *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011); *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue"). The California Supreme Court liberally construes the state's service of process statutes, especially under circumstances where service was defective but the defendant received actual notice of the action. *Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773, 778 (1973); *Summers v. McClanahan*, 140 Cal.App.4th 403, 408 (2006). Nonetheless, actual notice is not a substitute for service of process. See *Slaughter v. Legal Process & Courier Service,* 162 Cal.App.3d 1236, 1251 (1984) ("The requirement of notice [e.g. service of process] 'is not satisfied by actual knowledge without notification conforming to the statutory requirements'" (citation omitted)); *MJS Enterprises, Inc. v. Superior Court*, 153 Cal.App.3d 555, 557 (1984) ("Notice of the litigation does not confer personal jurisdiction absent substantial compliance with the statutory requirements for service of summons").

The parties disagree concerning the types of evidence a plaintiff is required to submit to show

proper service. Plaintiff contends it has effected proper service by mail on a number of defendants who reside outside California pursuant to California Code of Civil Procedure § 415.40. That statute states:

> "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." *Id.*

Additional requirements apply if the "person" to be served is a corporation; in that event, service must be made on the corporation's registered agent for service of process or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." CAL. CODE CIV. PROC. § 416.10(a)-(b).

"Proof of service by mail on out-of-state defendants must nevertheless strictly comply with the requirements of Code of Civil Procedure section 417.20, subdivision (a)." *Bolkiah v. Superior Court*, 74 Cal.App.4th 984, 1001 (1999). Plaintiff asserts that under that statute and California case law, the return of a signed receipt is unnecessary to establish proper service. It maintains that a filed proof of service, standing alone, is sufficient to show effective service. Code of Civil Procedure § 417.20(a) states that "[i]f . . . service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." See also *Cruz v. Fagor America, Inc.*, 146 Cal.App.4th 488, 498 (2007) ("'we hold that the California statutory scheme (Code Civ. Proc., §§ 415.40 and 417.20 read together) permits completion of service by mail when the return receipt is signed by a person so authorized by the defendant. The personal signature of the defendant is not required,'" quoting *Neadeau v. Foster*, 129 Cal.App.3d 234, 236-37 (1982)). As a result, while Cardroom is correct that a signed receipt is not the *only* way to demonstrate that service is proper, California law requires something more than a mere declaration by the plaintiff that it sent the summons and complaint to a certain address via certified mail.

While this is the showing a plaintiff must make to demonstrate that jurisdiction has attached with regard to a particular defendant, in the context of this motion, it is *defendants*, not plaintiff, that bear the burden of proving that service on other defendants was not effective. *Nishimoto,* 903 F.2d at 712 n. 3. Because doubts regarding the propriety of removal are resolved in favor of remand, *Gaus*, 980 F.2d at 566, courts in this circuit have frequently remanded cases where there was a genuine factual dispute concerning the propriety of removal. See *Goldenberg Family Trust v. Travelers Comm. Ins. Co.*, No. 11-04312 DDP (JEMx), 2011 WL 3648490, *1-2 (C.D. Cal. Aug. 18, 2011) (remanding because there was a factual dispute as to a corporation's principal place of business, and the parties proffered conflicting evidence regarding its control and coordination of

4

insurance claims); *Arellano v. Vogel*, No. C 10-4534 PJH, 2010 WL 5148292, *3 (N.D. Cal. Dec. 14, 2010) (competing evidentiary showings required the court to resolve the uncertainty in favor of remand). Here, as discussed *infra*, Tiltware contends that Cardroom withheld crucial information concerning the defendants that had been properly served, and that "[p]laintiff should not be permitted to withhold evidence of service to prevent Defendants from timely obtaining all necessary consents and then use the fact that Defendants did not obtain all such consents to defeat removal."[11] Although the court appreciates the possibility that Cardroom may have been uncooperative and attempted to interfere with Tiltware's attempt to remove, that circumstance does not alter the fact that as the party invoking federal jurisdiction, Tiltware must show that removal was proper.

With these thoughts in mind, the court to Tiltroom's evidence.[12] Erik Jackson, Tiltroom's counsel, states that prior to removing the case, he asked plaintiff's counsel, Cyrus Sanai, "on numerous occasions" for evidence as to whether certain defendants had been served.[13] Sanai purportedly refused to provide receipts or other "hard evidence of service" on defendants.[14] Jackson reports that he spent "considerable time and effort" attempting to determine whether other defendants had been served, requesting evidence from defense counsel, as well as trying to access the state court file to determine whether proofs of service had been filed.[15] Shortly after the case was removed,

---

[11]Opp. at 16.

[12]The court may "view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists," including summary judgment-type evidence. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)). "Rule 56(e) specifies that in a motion for summary judgment, '[s]upporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence.' [However,] [t]he Rules contain no such requirement with respect to a motion to remand." *El Chico Restaurants, Inc. v. Aetna Cas. & Sur. Co.*, 980 F.Supp. 1474, 1479 (S.D. Ga. 1997) (citations omitted).

Indeed, even on a motion for summary judgment, evidence can be considered if the court concludes that at trial the evidence can be "presented in a form that would be admissible in evidence." FED.R.CIV.PROC. 56(c)(2). See also *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents"); *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56").

[13]Declaration of Erik L. Jackson ("Jackson Decl."), Docket No. 18 (Apr. 16, 2012).

[14]*Id.*, ¶ 2.

[15]*Id.*, ¶¶ 3-4.

5

Tiltroom managed to obtain a copy of the state court file, and learned that the proofs of service that had been filed did not include receipts or other evidence that service was proper.[16]

Jackson spoke with Sanai again on April 4, 2012, two days after the case was removed, and Sanai agreed to provide Jackson with a list of defendants that had purportedly been served.[17] Jackson and his associates proceeded to contact the defendants on the list, namely, Oldford, Mark Scheinberg, Jon Juanda, Andy Bloch, Phil Ivey, Phil Gordon, Perry Friedman, Erik Seidel and Erik Lindgren.[18] For the most part, they disputed that they had been properly served; alternatively, they consented to removal.[19] One defendant, Perry Friedman, stated through counsel that he refused to consent to removal, as he had never been served and thus need not give his consent.[20] Jackson asserts that he has "spent considerable time and effort" attempting to resolve these issues with Sanai, including lengthy and frequent email exchanges.[21] He contends that Cardroom deliberately "hid the ball" and refused to provide information necessary for Tiltroom to make a proper showing.[22]

Although 28 U.S.C. § 1446(a) does not specify how parties must communicate their joinder in a removal, the Ninth Circuit has set a fairly low threshold:

> "[W]e conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient. [Defendant] submitted such an averment under threat of sanctions pursuant to Rule 11; the other co-defendants were notified of the removal notice and had an opportunity to object to it. These two considerations – the availability of sanctions and of objection – mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d

---

[16]*Id.*, ¶ 4.

[17]*Id.*, ¶ 5.

[18]*Id.*, ¶ 7 and Exh. E at 3-4. Defendant has also attached as Exhibit F proofs of service on these individuals filed in state court.

[19]*Id.* Jackson asserts these defendants took this position to preserve their right to argue that they had not been properly served.

[20]*Id.*

[21]*Id.*, ¶ 8.

[22]*Id.*

1208, 1225 (9th Cir. 2009) (citing *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004)).

Plaintiff argues that *Proctor* requires not only that counsel submit a sworn declaration stating that other defendants have consented, but also that the notice of removal be served on those defendants.[23] *Proctor* imposes no such requirement, and other courts in the Ninth Circuit have not read the case in that manner. See *In re Hydroxycut Marketing and Sales Practices Litig.*, No. 09MD2087-BTM (AJB), 2010 WL 2998855, *5 (S.D. Cal. July 29, 2010) ("[I]n *Proctor*, the Ninth Circuit adopted the position that one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient to satisfy the rule of unanimity. Individual consent documents from each defendant are unnecessary" (internal citation omitted)); *Flatwire Solutions, LLC v. Sexton*, No. CV 09-07479 DDP (FFMx), 2009 WL 5215757, *2 n. 5 (C.D. Cal. Dec. 29, 2009) ("*Proctor* makes clear that an attorney of record for one defendant can provide notice of all defendants' consent to removal").[24]

Tiltware has met its burden as to almost all of the defendants who appear to have been served. Jackson, as counsel of record, stated in the notice of removal that defendants Tiltware, Pocket Kings, Ferguson and Bitar consented to the removal. The declaration he submitted in opposition to Cardroom's motion asserts that eight other defendants consented to removal as well.[25] Jackson's representations suffice to satisfy defendant's burden under the applicable standard. See *Stalcup v. Liu*, No. C 11–00002 JSW, 2011 WL 1753493, *4 (N.D. Cal. Apr. 22, 2011) ("Plaintiffs argue that

---

[23]Reply at 6-7.

[24]Cardroom asserts that "Rule 11 has not stopped [Jackson] from filing false notices of consent to removal" before, citing a case involving similar defendants but different claims. (Reply at 7.) Cardroom contends that there, Jackson signed a notice of removal on behalf of Friedman and Gordon, but three years later signed a declaration admitting he had not obtained their consent to represent them. Cardroom attaches the notice of removal filed in *Kennedy v. Full Tilt Poker*, CV 09-07964 MMM (AGRx), in which Jackson purported to represent Gordon and Friedman. (Reply, Exh. A.) It also proffers a state court declaration Jackson signed on February 16, 2012 (after the action was remanded), in which he stated that Gordon and Friedman had only recently learned of the pending action and had not consented to his or any other attorney's representation of them. (*Id.*, Exh. B.)

While this evidence is certainly troubling, the court does not have a sufficient record on which to conclude that Jackson's statement that he represented Friedman and Gordon was knowingly false when made. Consequently, the court cannot find that Jackson misrepresented facts or violated Rule 11. If such facts come to light, Cardroom can bring them to the court's attention through an appropriate filing. Even if Jackson's statement was not a deliberate misrepresentation, or was merely negligent, it casts doubt on the reliability of his statement that various defendants joined in the notice of removal in this case.

[25]Jackson Decl., ¶ 7.

this Court should remand because defendant Liu never consented to removal. . . . Counsel for UNCF signed the Notice of Removal and, as set forth above, UNCF asserted that '[a]ll served defendants in this action consent to this removal.' Under *Proctor*, that is sufficient. To the extent Plaintiffs seek remand on this basis, their motion is DENIED").

Although a court is typically obligated to resolve all factual disputes in favor of remand, here there is no true dispute of material fact. Cardroom and Tiltware have submitted proofs of service that indicate several defendants have been served. Although the parties dispute whether service on these parties was effective, Jackson has proffered evidence that they nonetheless consent to removal. Under *Proctor*, that declaration suffices to meet Tiltroom's burden as respects this group of defendants. The complaint names numerous other defendants; Cardroom, however, has adduced no evidence that these additional parties have been served and thus need to consent to removal.

Consequently, the court concludes that Tiltroom has met its obligation as to the following defendants: Oldford, Scheinberg, Juanda, Bloch, Ivey, Gordon, Seidel, and Lindgren. Cf. *Bogosian v. CR Title Services, Inc.*, No. 5:11–cv–02043 EJD (HRL), 2011 WL 3607892, *3 (N.D. Cal. Aug. 16, 2011) ("While it is true that only CR Title and CitiMortgage initially joined in the removal, these entities cited lack of service as the reason the other defendants could not consent at that time. This statement is seemingly confirmed by the fact that neither the state court documents attached to the Notice of Removal nor this court's docket contain a proof of service or equivalent document as to any defendant. . . . The court can only decide matters based on what is before it. Since evidence of service on defendants has not been provided, it cannot be said on this record that Pam January, First American Title Insurance Company, or any of the named defendants were properly served prior to removal. As such, their joinder was not required. Plaintiffs' instant objections to the removal notice lack merit for this reason" (internal citations omitted)).

Questions remain regarding two defendants, however. The proofs of service the parties have submitted indicate that Howard Lederer and Phil Friedman were served prior to removal and while the action was in state court.[26] Although neither the notice of removal nor Jackson's declaration mention Lederer, he filed a Rule 12(b)(1) motion to dismiss in this court on April 23, 2012, suggesting that he consents to removal.[27] See *Gerawan Farming, Inc. v. Worrel & Worell*, No. 1:10cv02011 AWI DLB, 2011 WL 202453, *2 (E.D. Cal. Jan. 20, 2011) ("An answer filed within the specified time may be deemed consent of the non-joining defendant to removal"); *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560, 563 (C.D. Cal. 1988) ("[T]he Sheriff's Department arguably satisfied the thirty day requirement in the statute when it answered the federal complaint within the thirty day period, thereby manifesting its intent to join in the removal").

---

[26] Jackson Decl., Exh. F.

[27] Motion to Dismiss for Lack of Jurisdiction, Docket No. 24 (Apr. 23, 2012). The motion was filed on behalf of a number of defendants, including Pocket Kings and Bitar.

This leaves Friedman, who purportedly contests service and declined to consent to removal. A proof of service on Friedman was filed in state court;[28] there is no other evidence that addresses whether he was properly served. Friedman has not filed a motion or responsive pleading in federal court, appeared, or otherwise expressed consent to federal jurisdiction. The state court proof of service is at odds with Jackson's hearsay statement that Friedman's counsel asserts he has not been served. This creates a factual dispute that must be resolved in favor of remand.

Tiltware notes that a failure to consent to removal can be cured prior to entry of judgment. See *Destfino*, 630 F.3d at 956-57 ("If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment"); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court" (alteration original; internal quotations omitted)). While the court might have been inclined to exercise this discretion in Tiltware's favor had Cardroom not objected to jurisdiction and the case moved forward in federal court, or had Tittware simply neglected to inquire whether Friedman consented, here the court has information before it that Friedman has explicitly refused to consent to removal. While he apparently takes this position because he believes he has not been properly served, he could have done as other defendants did – reserve his arguments regarding service, but consent to removal in the alternative. Since he refused to do so, it may well be that he wishes to litigate in state court. Given Friedman's position, the court declines to exercise its discretion to retain the case so that Tiltware can make further efforts to secure Friedman's consent.

In sum, the court concludes that Friedman's refusal to consent to removal, combined with the parties' factual dispute concerning whether he was properly served, necessitates remand.

### C. Whether Attorneys' Fees or Sanctions Should Be Awarded Against Either Party

Cardroom seeks attorneys' fees and costs incurred as a result of Tiltware's purportedly improper removal.[29] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Toumajian v. Frailey*, 135 F.3d 648, 657 (9th Cir. 1998) (noting that under § 1447(c), "upon remand for lack of subject matter jurisdiction [the] court may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal"). An award of attorneys' fees upon remand is only appropriate if the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

---

[28]Jackson Decl., Exh. F.

[29]Motion at 6.

9

exists, fees should be denied"). Here, while Tiltware's removal of the case was improper, it was not objectively unreasonable. Numerous defendants are named in the complaint, and Tiltware had the difficult task of discerning which had been served and contacting them in an effort to obtain their consent. Additionally, given the parties' confusion as to whether Friedman was properly served, defendant reasonably could have believed that his refusal to consent did not necessarily foreclose removal.

Tiltware, for its part, contends that it is entitled to an award of sanctions under 28 U.S.C. § 1927 or the court's inherent authority, as Cardroom is guilty of bad faith, reckless conduct.[30] Section 1927 provides:

> "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996).

Before § 1927 sanctions can be imposed, the court must make a finding of subjective bad faith, not simply objectively unreasonable behavior. *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 184 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co.*, 78 F.3d at 436 (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)). Put differently, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Id*. at 436. See also *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ("[R]ecklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power").[31]

---

[30]Opp. at 17-18.

[31]The Ninth Circuit has acknowledged that "[its] cases have been less than a model of clarity regarding whether a finding of mere recklessness alone may suffice to impose sanctions for attorneys' fees. For example, in *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983), [it] held that § 1927 sanctions require a finding of recklessness *or* bad faith. See also *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) ('An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith'). However, [it has] also held that 'section 1927 sanctions must be supported by a finding of subjective bad faith,' which 'is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent.' *In re Keegan Mgmt. Co.* [ ] . . . [The court's] most recent pronouncement on the proper legal standard for § 1927 sanctions comes from the case of *Fink v. Gomez* . . . . In *Fink*, [the court] reconciled *Blodgett*, *Keegan*, and *Barber* by holding that

The decision to sanction a party under § 1927 rests in the sound discretion of the district court. See, e.g., *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1996) (district court abused its discretion by not awarding § 1927 sanctions); *MGIC Indemnity Corp. v. Moore*, 952 F.2d 1120, 1121 (9th Cir. 1991) (holding that the district court abused its discretion by awarding § 1927 sanctions). As with sanctions awarded pursuant to the court's inherent powers, § 1927 sanctions must be tailored to the particular conduct challenged. See, e.g., *Blodgett*, 709 F.2d at 610-11 ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct"); *Doyle v. Illinois Central Railroad Co.*, No. CV F 08-0971 LJO SM, 2009 WL 224897, *6 (E.D. Cal. Jan. 29, 2009) (quoting *Blodgett*).

The Ninth Circuit has emphasized that the level of misconduct required before it is appropriate to impose sanctions under the court's inherent authority must meet "a high threshold." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1132 (9th Cir. 2008) (citing *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). "Even in a case where the district court described a litigant's arguments as 'totally frivolous,' 'outrageous' and 'inexcusable' and called his behavior 'appalling,' [the Ninth Circuit] nonetheless refused to equate this characterization of conduct as synonymous with a finding of bad faith." *Id*. Like an award of sanctions under § 1927, whether to impose sanctions pursuant to the court's inherent authority is left to the court's sound discretion. See *Del Nero v. Midland Credit Management*, No. CV 04-1040 ABC (SHx), 2010 WL 1227453, *2 (C.D. Cal. Mar. 30, 2010) ("'Because of their very potency, inherent powers must be exercised with restraint and discretion,'" quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

Based on the present record, the court cannot conclude that an award of sanctions is appropriate. Tiltware cites (1) Sanai's allegedly "inaccurate position" that "hard evidence" of service is not required under California Code of Civil Procedure § 415.40; (2) Sanai's failure to disclose whether he had served any of the defendants prior to the filing of the notice of removal; and (3) his failure to disclose any evidence of service he possesses.[32] As respects the first point, the parties' email communications show that counsel had a (perhaps overly heated) dispute concerning the applicable law. Their disagreement concerning the proper interpretation of California statutes, while vigorous and at times impolite, shows that neither party took a position that was completely without basis or frivolous. Sanai advanced a number of legal propositions in the emails that were not entirely correct, as did Jackson. Consequently, the court does not believe that the parties' disputes regarding California law governing service is a basis for awarding sanctions.

---

'recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (some citations omitted).

[32]Opp. at 18.

As respects Sanai's refusal to disclose information regarding whether he had served defendants prior to removal, and to adduce "hard evidence" demonstrating proper service, Tiltroom identifies no authority indicating that it was Sanai's obligation to share that information with Jackson. While he should perhaps have done so in a spirit of cooperation and professional courtesy, it was Tiltware's burden to show that jurisdiction was proper. If Tiltware wanted to remove the action, it was incumbent upon it to gather the necessary evidence and information to show that the case could be removed. Additionally, much of the information Jackson sought was available by accessing the state court docket; as Tiltware was a party to the action, it presumably had the right to view the filings in the case.

The emails between the parties were inappropriate in tone; Sanai's communications, in particular, were too blunt, mocking, and openly disrespectful of opposing counsel. The court cautions Sanai in any future practice before this court to moderate his tone in the future and deal with opposing counsel in a forthright and respectful manner. His conduct, however, does not rise to the level of bad faith, harassment, or obduracy sufficient to impose sanctions under either § 1927 or the court's inherent authority. See *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, No. CV 02-01087 VAP (CWx), 2009 WL 2898824, *2 (C.D. Cal. Sept. 2, 2009) ("Based on all the evidence before it, the Court is persuaded Plaintiff acted at least in part out of obduracy, as it sought delay in execution of the judgment even after it had lost at trial, lost in its post-trial motions and on appeal, and had failed to obtain a post-appeal stay. Nevertheless, its counsel's motivations were such that the Court cannot conclude he was 'substantially motivated' by obduracy, vindictiveness, or *mala fides*"). Consequently, the court denies Tiltware's request.

### III. CONCLUSION

For the reasons stated, plaintiff's motion to remand is granted and the clerk is ordered to remand the case to Los Angeles Superior Court forthwith. The parties' requests for attorneys' fees and/or sanctions are denied.